**GREAT LAKES ENERGY PARTNERS, Penneco Oil Company, CB Energy, Inc. and Independent Oil and Gas Association of Pennsylvania**

v.

**SALEM TOWNSHIP, Commonwealth of Pennsylvania, Appellant.**

Commonwealth Court of Pennsylvania.

Argued May 9, 2007.

Decided Aug. 9, 2007.

Gary A. Falatovich, Greensburg, for appellant.

Walter A. Bunt, Jr., Pittsburgh, for appellees, Great Lakes Energy Partners, CB Energy, Inc. and Independent Oil and Gas Association of Pennsylvania.

Before LEADBETTER, President Judge, COLINS, Judge, McGINLEY, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN JUBELIRER, Judge and SIMPSON, Judge.

OPINION BY President Judge LEADBETTER.

Salem Township (Township) appeals from the September 8, 2006 order of the Court of Common Pleas of Westmoreland County (common pleas) that (1) granted partial summary judgment in favor of Appellees[1] on the issue of preemption by the Oil and Gas Act of that part of the Township's Subdivision and Land Development Ordinance No. 01–2006 pertaining to surface development associated with oil and gas well drilling operations and (2) denied partial summary judgment in favor of the Township, rejecting the contention that CB Energy, Inc. lacked standing because its operations involved only the harvesting of coal bed methane.

In September of 2005, the Township first enacted a general ordinance (No. 02–2005) titled, in pertinent part, as "An ordinance ... regulating surface and land development associated with oil and gas drilling operations...." Present appellees very promptly filed a complaint for declaratory and injunctive relief, challenging these regulations on the grounds that they amounted to land use regulations not authorized under the Municipalities Planning Code (MPC)[2] and, in any event, were enacted without compliance with MPC requirements (Count I), that the regulations are preempted by the Oil and Gas Act[3]

---

1. Appellees are three businesses with interests in oil, gas or coalbed methane development and a trade association representing entities with those interests.

2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

3. Act of December 19, 1984, P.L. 1140, *as amended,* 58 P.S. §§ 601.101–601.605.

(Count II), the Pennsylvania Clean Streams Law[4] (Count III), the Federal Energy Policy Act and Clean Water Act[5] (Count IV), that the regulations lack a rational relationship to their purpose and thus violate due process (Count V) and that they effect a regulatory taking (Count VI). After the pleadings closed, the parties filed cross-motions for summary judgment; plaintiffs requested judgment as a matter of law under the legal theories asserted in the complaint and the Township requested dismissal of CB Energy, Inc. as a plaintiff for lack of sufficient interest to confer standing and dismissal of Count II insofar as it challenges the regulation of methane gas operations on the ground of Oil and Gas Act preemption. While these motions were pending, in July of 2006, the Township enacted, for the first time, a comprehensive subdivision and land development ordinance, Ordinance No. 01–2006 (SALDO), thereby supplanting the earlier regulation of subdivision and land development within the Township pursuant to the Westmoreland County subdivision and land development ordinance. As Appendix B to the SALDO, the Township readopted, in Article I, the oil and gas regulations previously found in Ordinance No. 02–2005, with only minor changes, and added, in Article II, regulations pertaining to access roads for development other than oil and gas operations. Article III establishes a fee for permit applications under the Appendix regulations and Article IV pertains generally to enforcement and penalties.

■ Following enactment of the 2006 SALDO, the parties stipulated that any decision on the pending motions for summary judgment would affect the validity of the replacement oil and gas regulations and plaintiffs withdrew Count I of their complaint. Acting on the summary judgment motions, common pleas granted partial summary judgment in favor of the plaintiffs on the grounds that the Oil and Gas Act preempted the Township's oil and gas regulations in Appendix B of the 2006 SALDO and denied the Township's motion for dismissal of methane harvester, CB Energy, Inc. Common pleas granted the Township's application for a determination of finality under Pa. R.A.P. 341(c).[6] The Township filed the present appeal, asserting error in both rulings.[7]

In support of its decision, common pleas issued an opinion setting forth the rationale for its conclusion that each of the Township's oil and gas regulations specifically challenged in the complaint transgressed the state regulations concerning the same aspects of oil and gas operations.[8] Common pleas further opined that

4. Act of June 22, 1937, P.L.1987, *as amended,* 35 P.S. §§ 691.1–691.1001.

5. The Energy Policy Act of 1992, Pub.L. No. 102–486, 106 Stat. 2776 (codified as amended in various sections of 42 U.S.C.). *See Union Elec. Co. v. United States,* 363 F.3d 1292, 1293 (Fed.Cir.2004). The Federal Clean Water Act, 33 U.S.C. §§ 1251–1387, *as amended.*

6. Pa. R.A.P. 341(c), in pertinent part, provides: "When more than one claim for relief is presented in an action ... the trial court ... may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case...."

7. Inasmuch as the issue presented involves a question of law, our review in this matter is plenary. *PECO Energy Co. v. Twp. of Upper Dublin,* 922 A.2d 996 (Pa.Cmwlth., 2007).

8. We note that, in its opinion, common pleas referred to certain challenged Township regulations as appearing in Article II of Appendix B of the 2006 SALDO. As noted above, Article II of Appendix B does not specifically pertain to oil and gas operations. However, identical provisions appear in Article I, which does pertain to oil and gas. Therefore, the

inasmuch as the Oil and Gas Act regulates gas extraction operations and methane qualifies under the statutory definition of "gas," the coal bed methane harvesting activities of plaintiff CB Energy fall within the purview of the state Act.

■ The Township maintains that the court erred in concluding that, because some of the ordinance provisions conflicted with the Act, the entire SALDO ordinance was invalid. Specifically, it contends that the court should have examined the ordinance on a provision-by-provision basis to ascertain whether any provisions were severable. Here, the trial court examined the challenged provisions of the Township's oil and gas regulations to conclude that those provisions regulated aspects of oil and gas operations that are preempted by the state legislation. We discern no error in common pleas' conclusions. We do stress, however, that the regulations declared preempted are limited to those in Article I of Appendix B to the 2006 SALDO. With this clarification, we affirm based on the well-reasoned analysis set forth in the trial court's opinion.

Judge LEAVITT did not participate in the decision of this case.

### ORDER

AND NOW, this 9th day of August, 2007, the order of Court of Common Pleas of Westmoreland County in the above captioned matter is hereby AFFIRMED.

---

mistaken reference to Article II does not impair common pleas' analysis or conclusions regarding preemption.